**In re Bernard W. FITCH, Sr., Debtor.**

**Charlotte P. FITCH, Movant,**

**v.**

**Bernard W. FITCH, Sr. and Gary V. Skiba, Trustee, Respondents.**

**Bankruptcy No. 89–293E.**
**Motion No. 89–1047.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Nov. 28, 1989.

James H. Richardson, Erie, Pa., for debtor.

Thomas Myers, Erie, Pa., for movant, Charlotte Fitch.

Gary Skiba, Erie, Pa., trustee.

## MEMORANDUM AND ORDER

WARREN W. BENTZ, Bankruptcy Judge.

Charlotte P. Fitch, the ex-wife of the debtor, has moved for relief from stay to permit her to proceed with efforts in the Courts of the Commonwealth of Pennsylvania to compel the payment of alimony. The Debtor responds that the order of discharge granted the debtor by this court on September 14, 1989 renders the ex-wife's motion moot. At hearing, debtor asserted that the ex-wife's claim arose under a contract and is therefore barred by the issuance of the discharge.

The trustee filed a report of no assets on July 13, 1989. Hence, any action by the ex-wife will not interfere with the administration of the bankruptcy estate.

Bankruptcy Code § 523(a)(5) excepts from discharge a debtor's obligation to a spouse or former spouse for alimony.

Debtor argues that, since the ex-wife's claim will be made under a "marriage settlement agreement," the claim cannot be an "alimony" claim, but is necessarily a "contract" claim and therefore, is not subject to the exception and is barred by the discharge.

The status of an obligation to pay money, as alimony, may remain alimony, even if it is made pursuant to contract.

The "marriage settlement agreement" was not submitted to the court. Not having had the benefit of a review of the agreement in question, we voice no opinion as to the character of the obligations of that document.

It is ORDERED that the movant, Charlotte P. Fitch, shall be, and hereby is, granted relief from stay to pursue such claims as she may be permitted to pursue by § 523(a)(5) of the Bankruptcy Code, and any determination as to whether a particular obligation is alimony or not, as specified in § 523(a)(5), may be made by the enforcing court.

Dated: November 28, 1989.